**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZARINA SHAH and AMIN SHAH<br><br>Plaintiffs,<br><br>v.<br><br>LYFT, INC. d/b/a LYFT ILLINOIS, INC.<br><br>Defendant. | Case No.:<br><br>NOTICE OF REMOVAL BY DEFENDANT LYFT, INC. d/b/a LYFT ILLINOIS, INC.<br><br>(Pursuant to 28 U.S.C. §§ 1441(a) & (b), 1446(a)-(c), and 1332(a) – Diversity Jurisdiction) |

**NOTICE OF REMOVAL BY DEFENDANT
<u>LYFT, INC. d/b/a LYFT, ILLINOIS, INC</u>**

PLEASE TAKE NOTICE that Defendant Lyft, Inc. d/b/a Lyft, Illinois, Inc. ("Lyft"), by and through its attorneys, removes the action entitled *Shah, et al v. Lyft, Inc. d/b/a Lyft Illinois, Inc.*, which was filed in the Circuit Court of Cook County, Illinois, County Department, Law Division, and assigned Case No. 2019 L 012637 (the "Action"), to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Lyft states as follows:

1. **Removal Is Timely.** Plaintiffs filed their Complaint at Law ("Complaint") on November 15, 2019. A true and correct copy of the Complaint is attached hereto as Exhibit A. Lyft became aware of the Action for the first time on March 17, 2020 after CT Corporation System, Lyft's registered agent, received a copy of an Order of Default and Setting Date for Prove-Up ("Order of Default") that was entered on March 12, 2020. A true and correct copy of CT Corporation System's March 17, 2020 Transmittal, which includes a copy of the Order of Default, is attached hereto as Exhibit B pursuant to 28 U.S.C. § 1446(a); (*see also* Declaration of Viraj Telang, Ex. C, ¶ 2). Lyft did not receive a copy of the Complaint until March 20, 2020, after it

learned of the Action and undertook to obtain the same on its own accord and at its own expense. (Ex. C, ¶ 3.) To date, Lyft has not been properly served with a copy of the Complaint. (*Id.* at ¶ 4.)

The Complaint also fails to allege the citizenship of either Plaintiff. On April 9, 2020, Lyft determined for the first time through a public records search that Plaintiffs are citizens of Texas and that they currently reside in Sugar Land, Texas. (*See* Declaration of Eric Y. Choi, Ex. D, ¶¶ 3-4). Removal therefore is timely because Lyft filed its notice of removal within thirty days after grounds for removal first became evident. *See, e.g.*, *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998) (allowing removal under 28 U.S.C. § 1446(b) within thirty days after plaintiff's motion to amend the complaint, which established grounds for removal, was granted on the basis that grounds for removal did not exist until plaintiff's motion was granted). *See also Graphic Scanning Corp. v. Yampol*, 677 F. Supp. 256, 258 (D. Del. 1988) (holding that the thirty-day time period "does not begin to run until the grounds for removal are clearly established"); *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979) (holding that the purpose of the thirty-day period in § 1446(b) was "to allow the defendant to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts. If the statute is going to run, the notice ought to be unequivocal.").

2. **This Court Has Removal Jurisdiction Over This Action.** The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and which may be removed to this Court by Lyft pursuant to 28 U.S.C. § 1441(a) in that there is diversity of citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. The factual predicates for removal pursuant to 28 U.S.C. § 1441(a) are:

- Plaintiffs are individuals residing in Texas and are citizens of Texas. (Ex. D, ¶ 4).

- Lyft is a Delaware corporation with its principal place of business in California. Therefore, Lyft is a citizen of Delaware and California.

- The amount in controversy exceeds the required $75,000. Each plaintiff separately seeks damages against Lyft in an amount in excess of $50,000 (*see* Compl., ¶¶ 31, 35), meaning the total amount in controversy exceeds $100,000. The amount in controversy threshold also is met because Plaintiffs seek to recover damages in excess of a minimum jurisdictional amount. *See* 28 U.S.C. § 1446(c)(2)(A)(ii); Compl., ¶¶ 31, 35.

3. **Notice Has Been Effected.** A copy of this Notice of Removal is being filed with the Circuit Court of Cook County, Illinois, County Department, Law Division and concurrently served on the Plaintiffs' counsel.

Dated: May 8, 2020

Respectfully submitted,

LYFT, INC.,

By: /s/ *[signature]*

One of Its Attorneys

Eric Y. Choi (ARDC No.6292553)
Nicholas S. Graber (ARDC No. 6323975)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, IL 60602-3801
(312) 269-8000
echoi@nge.com
ngraber@nge.com

## **CERTIFICATE OF SERVICE**

Eric Y. Choi, an attorney, certifies that on May 8, 2020, he caused a copy of the **Notice of Removal by Defendant Lyft, Inc. d/b/a Lyft Illinois, Inc.** to be filed via this Court's CM/ECF System, and caused a copy of the same to be served via email and FedEx Overnight upon:

Craig A. Hoffman, Esq.
RUBBERY, STALMACK & GARVEY, LLC
10 S. LaSalle St., Suite 1800
Chicago, IL 60603
craig.hoffman@ruberry-law.com

/s/ _____

30565934.1