# EXHIBIT A

Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

Case: 1:20-cv-02801 Document #: 1-1 Filed: 05/08/20 Page 2 of 8 PageID #:6

FILED
11/15/2019 9:16 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L012637

FILED DATE: 11/15/2019 9:16 AM 2019L012637

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ZARINA SHAH and AMIN SHAH, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) No. 2019L012637 |
| | ) |
| LYFT, INC. d/b/a LYFT ILLINOIS, INC., | ) |
| a foreign corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AT LAW

### COUNT I
### Zarina Shah v. Lyft, Inc. d/b/a Lyft Illinois, Inc., a foreign corporation – Negligence

NOW COMES the Plaintiff, ZARINA SHAH, by and through her attorneys, RUBERRY, STALMACK & GARVEY, LLC, and complaining of Defendant LYFT, INC. d/b/a LYFT ILLINOIS, INC., a foreign corporation (hereinafter referred to as "LYFT"), states as follows:

1. On and prior to February 14, 2019 and at all times relevant herein, Devon Avenue was a public roadway that intersected with Oakley Avenue in the City of Chicago, County of Cook, State of Illinois.

2. On and prior to February 14, 2019 and at all times relevant herein, Defendant LYFT was a corporation that was licensed to operate and transact business in Illinois.

3. On and prior to February 14, 2019 and at all times relevant herein, Defendant LYFT did in fact operate and transact business in Illinois.

4. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, an unknown driver was operating a red Nissan Altima vehicle with the LYFT service light illuminated on the dashboard.

5. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, said unknown driver was acting in his capacity as an agent, servant and/or employee of LYFT.

6. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, said unknown driver was on duty for LYFT.

7. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, the LYFT service light in the Nissan Altima vehicle was activated and/or illuminated and said unknown driver was engaged in transporting or picking up a passenger for LYFT.

8. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, said unknown driver was acting in the scope of his employment for LYFT.

9. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, any acts and/or omissions on the part of said unknown driver were in fact the acts and/or omissions of LYFT.

10. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, Plaintiff ZARINA SHAH was a pedestrian and was crossing Devon Avenue.

11. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, the unknown driver operating the Nissan Altima for LYFT struck the Plaintiff ZARINA SHAH as she crossed Devon Avenue.

12. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, the unknown driver operating the Nissan Altima for LYFT caused his vehicle to collide with Plaintiff, knocking Plaintiff to the ground and causing severe injuries to the Plaintiff.

13. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, after striking the Plaintiff, the unknown driver continued driving the vehicle for LYFT eastbound on Devon Avenue.

14. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, after striking the Plaintiff, the unknown driver never stopped the vehicle.

15. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, Plaintiff ZARINA SHAH had the right of way pursuant to 625 ILCS 5/11-1003.1.

16. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, Plaintiff ZARINA SHAH had the right of way pursuant to 625 ILCS 5/11-903.

17. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, Plaintiff ZARINA SHAH had the right of way pursuant to Chicago City ordinance 9-24-030.

18. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, the unknown driver operating the Nissan Altima for LYFT violated 625 ILCS 5/11-1003.1.

19. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, the unknown driver operating the Nissan Altima for LYFT violated 625 ILCS 5/11-903.

20. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, the unknown driver operating the Nissan Altima for LYFT violated Chicago City ordinance 9-24-030.

21. On February 14, 2019 at approximately 5:30 p.m. at or near 2253 W. Devon Avenue in the City of Chicago, County of Cook, State of Illinois, at the time of this accident, the unknown driver operating the Nissan Altima for LYFT violated 625 ILCS 5/11-601(a).

22. On February 14, 2019 at the time of this accident, the unknown driver, individually and as agent, servant, and/or employee of LYFT, had a duty to operate the vehicle in accordance with 625 ILCS 5/11-1003.1.

23. On February 14, 2019 at the time of this accident, the unknown driver, individually and as agent, servant, and/or employee of LYFT, had a duty to operate the vehicle in accordance with 625 ILCS 5/11-903.

24. On February 14, 2019 at the time of this accident, the unknown driver, individually and as agent, servant, and/or employee of LYFT, had a duty to operate the vehicle in accordance with Chicago City ordinance 9-24-030.

25. On February 14, 2019 at the time of this accident, the unknown driver, individually and as agent, servant, and/or employee of LYFT, had a duty to operate the vehicle in accordance with 625 ILCS 5/11-601(a).

26. On February 14, 2019 at the time of this accident, the unknown driver, individually and as agent, servant, and/or employee of LYFT, had a duty to operate his vehicle safely and

3

according to all laws and ordinances in Illinois to avoid causing injury and harm to others, including the Plaintiff.

27. On February 14, 2019 at the time of this accident, the unknown driver, individually and as agent, servant, and/or employee of LYFT, had a duty to operate his vehicle reasonably and to drive with caution to avoid causing injury and harm to others, including the Plaintiff.

28. On February 14, 2019 at the time of this accident, the unknown driver, individually and as agent, servant, and/or employee of LYFT, had a duty to stop his vehicle once he struck and injured the Plaintiff.

29. On February 14, 2019 at the time of this accident, the unknown driver, individually and as agent, servant, and/or employee of LYFT, was then and there guilty of one or more of the following wrongful acts or omissions:

   a. Carelessly and negligently failed to yield the right of way to Plaintiff in violation of 625 ILCS 5/11-1003.1;

   b. Carelessly and negligently failed to yield the right of way to Plaintiff in violation of 625 ILCS 5/11-903;

   c. Carelessly and negligently failed to yield the right of way to Plaintiff in violation of Chicago City ordinance 9-24-030;

   d. Carelessly and negligently failed to keep his vehicle under the proper control at all times;

   e. Carelessly and negligently failed to keep a proper lookout;

   f. Carelessly and negligently operated his vehicle at an excessive speed for the existing traffic conditions in violation of 625 ILCS 5/11-601(a);

   g. Carelessly and negligently failed to stop or change the speed or direction of his vehicle to avoid colliding with Plaintiff;

   h. Carelessly and negligently failed to stop the vehicle when danger was imminent;

   i. Carelessly and negligently failed to give proper warning of the approach of his vehicle despite the fact that such warning was necessary to the safe operation of the vehicle;

30. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of the unknown driver, individually and as agent, servant, and/or employee of LYFT, the Plaintiff ZARINA SHAH suffered serious and permanent injuries to her body

4

including but not limited to a Traumatic Brain Injury (TBI), a brain bleed, multiple fractures, and numerous contusions and lacerations; was hospitalized for an extended period of time; has endured and will in the future endure conscious pain and suffering; suffered disability and disfigurement; has suffered a loss of the enjoyment of a normal life; has suffered a loss of wages; and has incurred large sums for medical and rehabilitative care and services.

31. Plaintiff ZARINA SHAH'S damages with respect to her injuries are in excess of FIFTY THOUSAND DOLLARS ($50,000.00), the minimal jurisdictional amount of this Court.

32. Plaintiff ZARINA SHAH hereby demands a trial by jury.

WHEREFORE, the Plaintiff, ZARINA SHAH, by and through her attorneys, RUBERRY, STALMACK & GARVEY, LLC, prays for damages and relief against Defendant LYFT, INC. d/b/a LYFT ILLINOIS, INC., a foreign corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT II
### Amin Shah v. Lyft, Inc. d/b/a Lyft Illinois, Inc., a foreign corporation – (Loss of Consortium)

NOW COMES the Plaintiff, AMIN SHAH, by and through his attorneys, RUBERRY, STALMACK & GARVEY, LLC, and complaining of the Defendant LYFT, INC. d/b/a LYFT ILLINOIS, INC., a foreign corporation (hereinafter referred to as "LYFT"), states as follows:

1-32 Plaintiff re-alleges and re-adopts paragraphs 1-32 of Count I of this Complaint as and for paragraphs 1-32 of this Count II, in haec verba.

33. On and prior to February 14, 2019 and at all times relevant herein, Plaintiff AMIN SHAH was the lawfully wedded husband of Plaintiff ZARINA SHAH.

34. As a proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant unknown driver, individually and as agent, servant, and/or employee of LYFT, Plaintiff AMIN SHAH was caused to suffer the loss of consortium, companionship, security and society of his wife ZARINA SHAH and will suffer these losses, along with great expenses and debt, in the future.

35. Plaintiff AMIN SHAH'S damages are in excess of Fifty Thousand Dollars ($50,000.00), the minimal jurisdictional amount of this Court.

36. Plaintiff AMIN SHAH hereby demands a trial by jury.

WHEREFORE, the Plaintiff, AMIN SHAH, by and through his attorneys, RUBERRY, STALMACK & GARVEY, LLC, prays for damages and relief against Defendant LYFT, INC. d/b/a

LYFT ILLINOIS, INC., a foreign corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

Respectfully submitted,

_____
One of the attorneys for Plaintiffs

Craig A. Hoffman, Esq.
RUBERRY, STALMACK & GARVEY, LLC
10 S. LaSalle St., Suite 1800
Chicago, IL 60603
312-466-8050 tel.
312-466-8055 fax.
ID #: 48602

FILED DATE: 11/15/2019 9:16 AM 2019L012637

FILED DATE: 11/15/2019 9:16 AM 2019L012637

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ZARINA SHAH and AMIN SHAH, )
)
)
      Plaintiffs, )
v. ) No.
)
LYFT, INC. d/b/a LYFT ILLINOIS, INC., )
a foreign corporation, )
)
      Defendant. )

## AFFIDAVIT OF DAMAGES PURSUANT TO SUPREME COURT RULE 222(b)

The undersigned being first duly sworn upon oath, deposes and states that he is the attorney for the plaintiffs in the above titled cause of action seeking money damages and states that said cause of action:

    _____  DOES NOT EXCEED $50,000.00

        X    DOES EXCEED $50,000.00

Under penalties as provided by law pursuant to Section 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
One of the attorneys for Plaintiffs

Craig A. Hoffman, Esq.
RUBERRY, STALMACK & GARVEY, LLC
10 S. LaSalle St., Suite 1800
Chicago, IL 60603
312-466-8050 tel.
312-466-8055 fax.
ID #: 48602

7